UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYOHO MYSTIC WINSTON, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>J. CARDENAS,<br><br>    Defendant. | Case No. 1:18-cv-00857-LJO-EPG (PC)<br><br>**ORDER RE: PRODUCTION OF DOCUMENTS SUBMITTED FOR IN CAMERA REVIEW**<br><br>**(ECF NO. 26)** |

**I.   BACKGROUND**

Myoho Winston, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 30, 2019, the Court held an Initial Scheduling Conference ("Conference"). After the Conference, the Court directed Defendant to "submit the documents he withheld from his initial disclosures under the official information privilege to the Court for *in camera* review." (ECF No. 26, p. 2).

The Court has conducted an *in camera* review of the documents provided by Defendant. For the reasons described below, the Court finds that the documents at pages 9, 30-37, 48, 50-52, and 54-56, may be withheld under the official information privilege.[1] The remainder of the

---

[1] As Defendant did not Bates stamp the documents, the above-listed page numbers refer to the page numbers of the PDF document Defendant submitted for *in camera* review.

1

documents shall be produced to Plaintiff within fourteen days.

**II.     LEGAL STANDARDS**

In *Kerr v. United States Dist. Ct. for the N. Dist. of Cal.*, 511 F.2d 192 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976), the Ninth Circuit Court of Appeals examined the government's claim of the official information privilege as a basis to withhold documents sought under the Freedom of Information Act. It explained that the "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure . . . ." *Id.* at 198 (internal citations omitted).

The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g., Seminara v. City of Long Beach*, 68 F.3d 481 (9th Cir. 1995) (affirming a magistrate judge order compelling disclosure and stating "Federal common law recognizes a qualified privilege for official information."); *Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) (quoting *Kerr*, 426 U.S. at 406) ("Also, as required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'"); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) (internal citations omitted) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.").

In interpreting the official information privilege in this context, the Court also looks to the U.S. Supreme Court's statements related to the requirement that prisoners exhaust administrative remedies. The Supreme Court has upheld the "proper exhaustion" requirement in part because of the evidentiary value of the documents generated as a result of that process. *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("Finally, proper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the

creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

### III. DOCUMENTS WITHHELD BY DEFENDANTS UNDER THE OFFICIAL INFORMATION PRIVILEGE

Defendants have withheld memoranda written by staff; staff sign-in sheets; handwritten summaries of when certain events (such as pill line and chow) occurred; an Institutional Executive Review Committee Critique and Qualitative Evaluation; crime/incident reports, including reports written by Defendant and witnesses to the incident; a medical report of injury or unusual occurrence; reviews of the use of force incident; holding cell logs; a notice of unusual occurrence/incident; an inmate property inventory sheet; an administrative segregation unit placement notice, a rules violation report; and a confidential supplement to Appeal Log No. CCI-0-18-00056.[2]

### IV. ANALYSIS OF OFFICIAL INFORMATION PRIVILEGE

The Court has conducted an *in camera* review and finds that the witness statements included in the documents, as well as summaries of what occurred, are highly relevant to the dispute and do not implicate any legitimate security interest. They are accounts of the incident at issue, given close in time to the event. These are precisely the sort of statements that the Supreme Court envisioned when it stated that "proper exhaustion often results in the creation of an administrative record that is helpful to the court" because "witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved." Woodford, 548 U.S. at 94-95.

Indeed, the documents include a statement from the defendant in this case. Surely what a party said at the time of the event about what happened is highly relevant. This is all the more true in a case with a *pro se* incarcerated witness with limited ability to depose individuals. Having Defendant's own statements will greatly assist the parties and the fact finders in

---

[2] This list includes the primary category of documents, but does not list every type of document that appeared.

3

determining what happened that day.

Additionally, there appears to be no reason to withhold the medical report of injury, the administrative segregation notice, the rules violation report, or the inmate property inventory sheet under the official information privilege. In fact, Plaintiff has likely already seen these documents, and may even have access to them.

As to the documents such as handwritten summaries of when certain events occurred, staff sign-in sheets, and the holding cell logs, there appears to be no safety or security reasons to withhold these documents, and they have at least some relevance. Accordingly, the Court will require that these documents be produced to Plaintiff.

However, the Court will allow Defendant to withhold all documents that include conclusions made by any prison investigators regarding whether staff used excessive force or otherwise violated a prison policy. The Court finds that the investigators' ultimate conclusions have little, if any, relevance to this case because that question is one for the jury and the conclusion of the prison factfinder is not relevant and will likely be subject to exclusion in any event. Moreover, the Court notes that the Supreme Court's direction only explicitly applied to underlying evidence gathered in the factual investigation, and not to the conclusion of that investigation. Based on this Court's balancing, and taking into account the Supreme Court's direction, the Court finds that the official information privilege shields the conclusions from prison investigators regarding whether Defendant violated any prison policy or used excessive force against Plaintiff.

Thus, the Court finds that the documents at pages 9, 30-37, 48, 50-52, and 54-56, may be withheld under the official information privilege, and that the rest of the documents shall promptly be produced to Plaintiff.

**V. ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant may withhold the documents at pages 9, 30-37, 48, 50-52, and 54-56. The remainder of the documents shall be produced to Plaintiff within fourteen days of the date of service of this order.

4

2. Defendant may redact confidential identifying information about prison officials, if any, including first names, addresses, social security numbers, and similar personal information.

IT IS SO ORDERED.

Dated: __**April 2, 2019**__  /s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE